Matt P Jacobsen
1311 La Loma Drive
Carson City, NV 89701
(408) 899-0833



# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

3 15-cv-00504

| | |
|---|---|
| MATT P JACOBSEN, | ) Case No.: _____ |
| | ) |
| Plaintiff, | ) **VERIFIED COMPLAINT** |
| | ) |
| vs. | ) **Quiet Title (NRS 40.010),** |
| | ) **RESPA (12 U.S.C. § 2601),** |
| | ) **Dual Tracking (S.B. 321),** |
| CLEAR RECON CORP, | ) **NRS 107.080,** |
| HSBC BANK USA N.A., | ) **Cancellation of Instrument,** |
| PHH MORTGAGE CORPORATION, | ) **FDCPA (15 U.S.C. § 1692)** |
| | ) |
| Defendants. | ) **[ DEMAND $400,000 ]** |

1.      Plaintiff has received notice that Defendant Clear Recon (aka Aldridge Pite) will sell his

property at a foreclosure sale on **Thursday, October 8, 2015,** under TSN 003906-NV. See

Exhibit A and Exhibit B. HSBC Bank claims to own the loan. See Exhibit C. However, Fannie

Mae owns the loan. See Exhibit D and Exhibit E. Therefore, HSBC Bank is not the mortgagee,

and HSBC's agent Clear Recon has no right to foreclose.

2.      In addition, a foreclosure would violate the "dual tracking" provision, Section 13, of the

1

Paid Amt $ 400. Date 10/5/2015
NVRM2 2996 Receipt # _____ Initials KMR

Homeowner's Bill of Rights (SB 321). Plaintiff received a Loan Modification Offer, was informed that PHH-HSBC would cancel the sale if Plaintiff completed a loan modification package, and faxed the loan modification package multiple times. However, the sale was not "canceled" but merely "postponed" until Thursday, October 8, 2015, in violation of Section 13 of S.B. 321.

3.      In addition, there is no recorded Substitution appointing CLEAR RECON CORP as trustee.

4.      In addition, Plaintiff never received a notice of default and election to sell, and presumably one was never mailed to Plaintiff as required by NRS 107.080(3).

5.      In addition, Plaintiff never received a notice of the time and place of sale, and presumably one was never mailed to Plaintiff as required by N.R.S. 107.080(4)(a). Plaintiff obtained the information from a web page.

6.      The original account number with "HSBC MORTGAGE CORPORATION (USA) a DELAWARE CORPORATION" is 4456921.

7.      On 4/15/2013, Mortgage Service Center mailed to Plaintiff a letter, stating:

Original Account Number: 4456921
New Account Number: 2019636675
...
HSBC BANK USA, N.A. ... has engaged PHH Mortgage Corporation (Mortgage Service Center) to provide mortgage loan processing and sub-servicing for HSBC customers, beginning May 1, 2013. ...
New Account Number: Beginning May 1, 2013, please include your new account number on correspondence and payments.

8.      In this Complaint, allegations marked (*) are "specifically so identified" (Rule 11) as being likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

9.    The matter in controversy exceeds $75,000.

10.   Defendants are subject to personal jurisdiction of the State of Nevada.

11.   Substantial acts and omissions in this action occurred in Nevada.

12.   The claims arose in Nevada and Defendants reside and/or do business in this District.

## Parties

13.   Plaintiff is a citizen of Nevada.

14.   Defendant HSBC BANK USA N.A. ("HSBC Bank") is a National Association and can be served via its President and CEO, Patrick Burke, at 1800 Tysons Blvd. Suite 50, McLean, VA 22102.

15.   Defendant CLEAR RECON CORPORATION ("Clear Recon") is a California corporation with address 4375 JUTLAND DR STE 200, SAN DIEGO CA 92117 and can be served via its registered agent, NATIONAL REGISTERED AGENTS. INC., address 818 W SEVENTH ST STE 930, LOS ANGELES CA 90017.

16.   Clear Recon shares the above address and the phone number 619-326-2445 with Aldridge Pite.

17.   (*) Aldridge Pite owns Clear Recon.

18.   Defendant PHH MORTGAGE CORPORATION ("PHHMC") is a "Mortgage Service Center" and is a sub-servicer for "HSBC customers" and is a New Jersey corporation and can be served via its registered agent, CSC SERVICES OF NEVADA, INC., with address 2215-B RENAISSANCE DR, LAS VEGAS, NV 89119.

19.   PHH and HSBC share the address 300 Prince Georges Boulevard Upper Marlboro, MD 20774.

## Factual Allegations:

20.   All the following allegations are intended to be "without limitation" and will be supplemented by other facts to be found in discovery.

21.    At all relevant times, Plaintiff was and is the owner of the property at **1311 La Loma Drive, CARSON CITY, NV 89701** (hereafter "the Property"), legally described as:

> **LOT 152 AS SHOWN ON THE MAP OF PARK TERRACE SUBDIVISION UNIT NO 1 FILED IN THE OFFICE OF THE RECORDER OF CARSON CITY NEVADA ON MAY 6, 1965 IN BOOK 1 OF MAPS PAGE 257 AS DOCUMENT NO. 90219**
>
> **APN # 008-342-19.**

22.    Plaintiff is in peaceful, undisputed possession of the Property.

23.    Plaintiff did not make a forcible entry into the Property.

24.    Plaintiff is not unlawfully holding the possession of the Property by force.

25.    Plaintiff has never sold the Property.

26.    Plaintiff is not a tenant of the Property.

27.    There is no "term" (in the sense of NRS 40.250).

28.    The Property is not let to Plaintiff.

29.    The Property is not leased for a specified term or period, nor by express or implied contract.

30.    The GRANT, BARGAIN AND SALE DEED to Plaintiff was dated 6/23/2005.

31.    (*) No promissory note or other negotiable instrument, relevant to the Property, has been endorsed or made payable to any Defendant other than the original source of the funds.

32.    (*) No valid Substitution of Trustee has been recorded or mailed to Plaintiff.

33.    (*) No Notice of Default was recorded.

34.    (*) No Defendant is the owner and holder of any Note encumbering the Homestead.

35.    (*) No Defendant is entitled to enforce any Note encumbering the Homestead.

36.    (*) There is no chain of title of any Deed of Trust encumbering the Homestead, leading to any Defendant.

37.    (*) No Note encumbering the Homestead is currently held by a legal entity of the type that is authorized to own and hold Notes (e.g. an individual, corporation, partnership, etc.)

38.    (*) Any Note(s) encumbering the Homestead has/have been discharged by its/their Holder(s) by materially and fraudulently altering them, and/or cancelling and/or renouncing them.

### THE DEED TO PLAINTIFF (2005)

39.    On 6/27/2005, Joseph Allan Lantz, Jr. and Laura Lee Lantz, Husband and Wife recorded with the Carson City Recorder, as Document #338645, a GRANT, BARGAIN AND SALE DEED dated 6/23/2005, conveying the Property to Plaintiff.

### THE DEED TO HSBC MORTGAGE CORP (USA) A DELAWARE CORP

40.    On 8/21/2007, HSBC MORTGAGE CORPORATION (USA) requested the recording of a DEED OF TRUST ("DOT") in Carson City County, Nevada as 371195, naming "MATT P JACOBSEN, AN UNMARRIED MAN" as "Borrower" and naming HSBC MORTGAGE CORPORATION (USA), a DELAWARE CORPORATION address 2929 WALDEN AVENUE, DEPEW, NY as "Lender" and naming MERS as "the beneficiary under this Security Instrument"

41.    (*) At the time the DOT was signed, HSBC MORTGAGE CORPORATION (USA) was not a member of MERS.

42.    Each Defendant keeps accounting entries for each of its loans in a "general ledger" or other ledger.

43.    These accounting ledger entries show all changes to Assets, Liabilities and Owner's Equity resulting from the loans, from the beginning to the present.

44.    These accounting ledger entries can be produced in a form similar to that described in accounting textbooks such as Intermediate Accounting by Donald E. Kieso, Jerry J. Weygandt, and Terry D. Warfield (Wiley, 2003), and Financial Accounting by Paul D. Kimmel, Jerry J.

Weygandt, and Donald E. Kieso (Wiley, 2006).

45.   Under the "matching" principle of GAAP, each Defendant can produce a ledger showing all costs and revenues resulting from each of its loans.

46.   Defendants keep records for all loans in a form ready to produce for government inspection in case of an audit.

47.   (*) The accounting ledger entries will show that Plaintiff did not receive the loan that Defendants claim Plaintiff received.

48.   (*) The accounting ledger entries will show that the loan was not sold from HSBC MORTGAGE CORPORATION (USA) to HSBC BANK USA. N.A.

49.   (*) The accounting ledger entries will show, generally, that the transaction that Defendants claim occurred, did not in fact occur.

### THE ACQUISITION OF THE LOAN BY FANNIE MAE

50.   On 10/1/2007, Fannie Mae acquired the loan. See Exhibit D.

### THE CORPORATE ASSIGNMENT OF DEED OF TRUST

51.   The Corporate Assignment is invalid because Fannie Mae acquired the loan on 10/1/2007.

52.   HSBC MORTGAGE CORPORATION (USA) had no authority to assign the DOT.

53.   On 8/13/2012, the "Discharge Dept." of Defendant HSBC BANK USA, N.A. requested the recording of a CORPORATE ASSIGNMENT OF DEED OF TRUST ("Corporate Assignment") in Carson City County, Nevada as 425085 signed by Michael Peter, purported Assistant Secretary of "HSBC MORTGAGE CORPORATION (USA)", purporting to assign the Deed of Trust and its "beneficial interest" to Defendant HSBC BANK USA. N.A.

54.   The Corporate Assignment does NOT say "together with the Note."

55.   The Corporate Assignment says "for good and valuable consideration[.]"

56.     (*) No consideration was received by HSBC MORTGAGE CORPORATION (USA) in connection with the Corporate Assignment.

57.     The Corporate Assignment was purportedly notarized by PATRICIA M. MURAWSKI in Erie County, New York. An out-of-state notarization is not accepted in Nevada.

58.     (*) The notary stamp appears to be from New York.

59.     (*) However, the notarization of the CORPORATE ASSIGNMENT OF DEED OF TRUST fails to comply with New York law.

60.     (*) Michael Peter had not read the CORPORATE ASSIGNMENT OF DEED OF TRUST and did not know its contents.

61.     (*) Michael Peter did not sign; someone else did using his name.

62.     Michael Peter was not Assistant Secretary of HSBC MORTGAGE CORPORATION (USA).

63.     (*) There is no Corporate Resolution appointing Michael Peter as Assistant Secretary of HSBC MORTGAGE CORPORATION (USA).

64.     (*) PATRICIA M. MURAWSKI is not a notary of New York.

65.     (*) Michael Peter did not sign in the presence of PATRICIA M. MURAWSKI.

66.     (*) No other document(s) required by state law, related to the Corporate Assignment transaction, was ever recorded in Carson City County, Nevada.

67.     (*) None of the Defendants received a valid assignment of the debt in any manner.

*TENDER*

68.     (*) Plaintiff has paid any debt owed on the property.

69.     (*) Plaintiff would be ready, willing, and able to pay the amounts due as determined by the court.

70.     (*) Plaintiff does not owe the debt on the property that Defendants claim.[1]

---

[1] If the plaintiff's action "attacks the validity of the underlying debt, a tender is not required since it would constitute an affirmative of the debt." (Onofrio v. Rice, 55 Cal.App.4th at p. 424.)

71.    The foreclosure sale has not yet occurred, and Defendants have allegedly violated laws related to avoiding the necessity for a foreclosure, in particular S.B. 321 and NRS 107.080. [1]

**THE DUAL TRACKING (SECTION 13 OF S.B. 321)**

72.    Defendant PHH MORTGAGE CORPORATION wrote a letter to Plaintiff suggesting loan modification, giving phone number 866-265-7066.

73.    Plaintiff received a Loan Modification Offer which said to call PHH-HSBC at 1-866-265-7066.

74.    Plaintiff called PHH-HSBC at 1-866-265-7066.

75.    PHH-HSBC informed Plaintiff that they would cancel the sale if Plaintiff completed a loan modification package.

76.    On or about May 15, 2015, Plaintiff faxed the loan modification package to 856-917-2848.

77.    On or about July 1, 2015, Plaintiff received a Notice of Sale (scheduled for 8/6/2015) and again contacted PHH-HSBC about the loan modification.

78.    On 7/16/2015, Plaintiff again submitted loan modification documents.

79.    On 7/29/2015, Plaintiff again re-sent loan mod documents.

80.    On 9/10/2015, Plaintiff called Leticia Latimer. Case Manager at PHH-HSBC, at 866-435-7085 ext. 88426, to find out the status of the loan modification.

81.    Leticia Latimer stated that she was unable to locate Plaintiff's loan mod documents.

---

[1] "A number of courts have explicitly held that the tender rule applies only in cases seeking to set aside a completed sale, rather than an action seeking to prevent a sale in the first place." Pfeifer v. Countrywide Home Loans (2012), 211 Cal.App.4th 1250 (2012), 150 Cal. Rptr. 3d 673, LEXIS 1265, 61; Dimock v. Emerald Properties (2000), 81 Cal.App.4th 868, 877-878. Tender is not required "when the lender has not yet foreclosed and has allegedly violated laws related to avoiding the necessity for a foreclosure." Id.; Mabry v. Superior Court (2010) 185 Cal.App.4th 208, 225-226.

82.     On 9/10/2015, at the request of PHH-HSBC's Leticia Latimer, Plaintiff re-sent loan mod documents to PHH-HSBC.

83.     Since then, Leticia Latimer has refused to discuss my acct # 2019636675, stating that the account was "flagged" and advising Plaintiff to call Clear Recon.

84.     Plaintiff checked online and discovered that the sale was not "canceled" but merely "postponed" until Thursday, October 8, 2015, in violation of Section 13 of S.B. 321.

85.     (*) The loan modification offer would have been materially different had a different company's underwriting standards been used.

### OTHER VIOLATIONS OF S.B. 321

86.     Defendants failed to provide a single point of contact.

### VIOLATIONS OF NRS 107.080

87.     There has been no "deficiency in performance or payment" (NRS 107.080 2.(a)(2),(b)).

88.     The foreclosing trustee (Clear Recon) is not the original trustee.

89.     The foreclosing trustee has not been substituted by the holder of the note.

90.     The foreclosing trustee has not been substituted by the holder's nominee.[1]

91.     HSBC BANK USA, N.A. does not have actual or constructive possession of the note and is not entitled to enforce the note.

### FIRST CAUSE OF ACTION - Quiet Title
### (NRS 40.010)
### (Against All Defendants)

---

[1] See Gomez v. Countrywide Bank, FSB, 2009 WL 3617650, at *2 (D. Nev. Oct.26, 2009) (as long as the note is in default and the foreclosing trustee is either the original trustee or has been substituted by the holder of the note or the holder's nominee, there is no defect in the Nevada foreclosure).

92.     This Quiet Title cause of action is not the same as the one in 3:12-cv-00486-MMD-WGC, because the parties are different and the facts are different.

93.     Plaintiff brings this action against Defendants who claim an estate or interest in the Property, adverse to the Plaintiff, for the purpose of determining such adverse claim.

94.     The property that is subject to the quiet title action is described under "Factual Allegations" above.

95.     Plaintiff seeks fee simple title based on GRANT, BARGAIN AND SALE DEED to Plaintiff dated 6/23/2005 from Joseph Allan Lantz, Jr. and Laura Lee Lantz, recorded as #338645.

96.     Defendant HSBC BANK USA, N.A. has made an adverse claim to title consisting of the Corporate Assignment.

97.     Defendant CLEAR RECON CORP has made an adverse claim to title consisting of the Notice of Trustee's Sale.

98.     (*) Defendant PHH MORTGAGE CORPORATION recorded documents, not yet known, which cloud Plaintiff's title.

99.     The date as of which the determination is being sought is the date of filing of the Complaint in this case.

100.     (*) Plaintiff has paid any debt owed on the property.

101.     There is no valid debt owed on the property.[1]

102.     Plaintiff prays for the determination of the title of the plaintiff.

103.     At all times relevant to this Complaint, Plaintiff was and is in possession and has been in continuous possession of the Property, against all the world, and have paid all lawful property taxes thereon.

---

[1] If the plaintiff's action "attacks the validity of the underlying debt, a tender is not required since it would constitute an affirmative of the debt." (Onofrio v. Rice, 55 Cal.App.4th at p. 424.)

104.   Plaintiff has superior and legal title to, and other interest in, the Property, through a GRANT. BARGAIN AND SALE DEED from Joseph Allan Lantz, Jr. and Laura Lee Lantz recorded as #338645.

105.   At all times relevant to this Complaint, Plaintiff was and is the owner of the Property and entitled to such ownership and use without interference by Defendants.

106.   Each party who recorded a document made a corresponding claim to the Property.

107.   (*) Defendants' claims to any right, title or interest in the property are false and without merit.

108.   (*) Defendants are not owners or holders of any Note encumbering the Property.

109.   Plaintiff seeks Judgment, Order and Decree quieting title to the Property in Plaintiff, as against Defendants, as of the date the Complaint in this case was filed, and such further equitable relief as the Court deems proper.

### SECOND CAUSE OF ACTION – RESPA, Real Estate Settlement Procedures Act
### (12 U.S.C. § 2601 et seq.)
### (Against Defendants HSBC BANK USA N.A., PHH MORTGAGE CORPORATION)

110.   Plaintiff mailed a Qualified Written Request, with his name and account number, to HSBC BANK USA N.A., stating reasons why Plaintiff believed that his account is in error: HSBC BANK USA N.A. did not own the loan because Fannie Mae did (see Exhibits D, E).[1]

111.   Plaintiff mailed a Qualified Written Request, with his name and account number, to HSBC BANK USA N.A., requesting information about the servicing.

112.   HSBC BANK USA N.A. never responded.

113.   PHH became the sub-servicer on May 1, 2013 in place of HSBC BANK USA N.A.

---

[1] See Medrano v. Flagstar Bank, FSB, et al., 2012 U.S. App. LEXIS 25274 ("Any reasonably stated written request for account information can be a qualified written request.")

114.   Plaintiff mailed a Qualified Written Request, with his name and account number, to PHH MORTGAGE CORPORATION, stating reasons Plaintiff believed that his account is in error: HSBC BANK USA N.A. did not own the loan because Fannie Mae did (see Exhibits D, E).

115.   Plaintiff mailed a Qualified Written Request, with his name and account number, to PHH MORTGAGE CORPORATION, requesting information about the servicing.

116.   Defendant PHH MORTGAGE CORPORATION never responded.

117.   As a result of Defendants' wrongful actions, Plaintiff has suffered damages in an amount to be determined at trial, for which Defendants are jointly and severally liable.

### THIRD CAUSE OF ACTION – Dual Tracking (Section 13 of S.B. 321)

### and other violations of S.B. 321

### (Against Defendant HSBC BANK USA, N.A., PHH MORTGAGE CORPORATION)

118.   Plaintiff incorporates the paragraphs listed above under "Factual Allegations," in particular the paragraphs under "THE DUAL TRACKING" and "OTHER VIOLATIONS OF S.B. 321," as if fully set forth here.

119.   As a result of Defendants' wrongful actions, Plaintiff has suffered damages in an amount to be determined at trial, for which Defendants are jointly and severally liable.

### FOURTH CAUSE OF ACTION – VIOLATIONS OF NRS 107.080

### (Against Defendant CLEAR RECON CORP, HSBC BANK USA, N.A.)

120.   Plaintiff incorporates the paragraphs listed above under "Factual Allegations," in particular the paragraphs under "VIOLATIONS OF NRS 107.080," as if fully set forth here.

121.   As a result of Defendants' wrongful actions, Plaintiff has suffered damages in an amount to be determined at trial, for which Defendants are jointly and severally liable.

## FIFTH CAUSE OF ACTION – Cancellation of Instrument

### (Against Defendant CLEAR RECON CORP, HSBC BANK USA, N.A.)

122.   Plaintiff incorporates the paragraphs listed above under "Factual Allegations" as if fully set forth here.

123.   (*) The Corporate Assignment, the July 1, 2015 Notice of Trustee's Sale, and other documents not yet known, were prepared and recorded without a factual or legal basis for doing so.

124.   (*) The accounting ledger entries will show that no consideration was paid to HSBC MORTGAGE CORPORATION (USA) by HSBC BANK USA, N.A.

125.   Upon information and belief, these acts by Defendants constitute fraud, oppression and malice.

126.   Plaintiff alleges herein that the Instruments filed by Defendants in this case are all legally insufficient and subject to cancellation.

127.   As a result of Defendants' wrongful actions, Plaintiff has suffered damages in an amount to be determined at trial, for which Defendants are jointly and severally liable.


## SIXTH CAUSE OF ACTION – FDCPA

### (Against Defendant CLEAR RECON CORP, HSBC BANK USA, N.A., PHH MORTGAGE CORPORATION)

128.   Plaintiff incorporates the paragraphs listed above under "Factual Allegations" as if fully set forth here.

129.   CLEAR RECON CORP is not a "mortgage company" as defined in the FDCPA.

130.   HSBC BANK USA, N.A. is not a "mortgage company" as defined in the FDCPA.

131.   PHH MORTGAGE CORPORATION is not a "mortgage company" as defined in the FDCPA.

132.   On March 2, 2015, PHH-HSBC mailed a debt collection letter to Plaintiff.

133.   Plaintiff timely disputed the debt.

134.   PHH-HSBC failed to respond, and still continues debt collection activities beyond lawful foreclosure.

135.   Plaintiff timely disputed the July 1, 2015 Notice of Sale from Clear Recon.

136.   Clear Recon failed to respond, and still continues debt collection activities beyond lawful foreclosure.

137.   The wrong party is attempting to collect the debt, since Fannie Mae owns the loan (see Exhibits D, E).

138.   These activities constitute "unfair or unconscionable means to collect or attempt to collect any debt" in violation of 15 U.S.C. § 1692f.  Congress intended the FDCPA to apply here:

> **This bill also protects people who do not owe money at all.** In the collector's zeal, collection efforts are often aimed at the wrong person either because of mistaken identity or **mistaken facts**. This bill will make collectors behave responsibly towards people with whom they deal . . . .

> House Report 95-131, 95th Cong., 1st Sess., p. 8. Accord, Senate Report No. 95-382, p. 4, reprinted at 1997 USCCAN 1695, 1699.

139.   As a result of Defendants' wrongful actions, Plaintiff has suffered damages in an amount to be determined at trial, for which Defendants are jointly and severally liable.

**Prayer for Relief:**

140.    WHEREFORE, Plaintiff prays this court enter an order providing relief as follows:

-    (a) Plaintiff prays this honorable Court take jurisdiction of this case;

-    (b) Enjoin, immediately, all Defendants, and all parties claiming under Defendant, and their officers, agents, employees, servants, and attorneys, and those persons in active concert or participation with any of them, during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on plaintiff's property, from recording any mortgages regarding the property;  from selling, assigning or transferring mortgages or obligations relating to the property;  from instituting, prosecuting, or maintaining nonjudicial or judicial foreclosure proceedings against the property;  from otherwise encumbering the property; from instituting, prosecuting, or maintaining eviction or F.E.D. proceedings against Plaintiffs; or from otherwise taking any steps to deprive Plaintiffs of ownership and/or enjoyment of the property;

-    (c) An Order and Judgment quieting title in Plaintiff's name;

-    (d) An Order and Judgment cancelling the Corporate Assignment, the July 1, 2015 Notice of Trustee's Sale, and other documents not yet known;

-    (e) An Order compelling Defendants to record a "Release of Lien" and "Full Satisfaction;"

-    (f) An accounting from each Defendant of all funds handled relating to Plaintiff;

-    (g) Damages in the amount of $400,000;

-    (h) That this Court grant such other and further relief as it deems just and proper.

141.    Finally, Plaintiff is not an attorney and is inexperienced in procedure as practiced in the Federal Courts.   If this submission is found wanting in one or more particulars, it is incumbent

upon the Court to inform Plaintiff of the deficiencies, their specifics and assist the Plaintiff in correcting the submission, and the Plaintiff hereby respectfully requests such assistance.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October __5__, 2015.

/s/Matt Jacobsen

Matt P Jacobsen, Plaintiff, Pro Se
1311 La Loma Drive
Carson City, NV 89701
(408) 899-0833

## EXHIBIT LIST

A ...   7/1/2015 Notice of Trustee's Sale by Clear Recon on behalf of (false) "beneficiary" HSBC.

B ...   Sale date 10/8/2015: StoxPosting.com screenshot showing TS003906

C ...   HSBC BANK claims to own the loan: Corporate Assignment of Deed of Trust, 8/2/2012

D ...   Fannie Mae has owned the loan since 10/1/2007: Fannie Mae Loan Lookup screenshot dated 12/6/2012.

E ...   Fannie Mae owns the loan: Debt Validation Notice dated April 19, 2013

16

# EXHIBIT   A

APN: 008-342-19

**CLEAR RECON CORP.**
4375 Jutland Drive Suite 200
San Diego, California 92117

F.S No : 003906-NV

_____
                                        Space Above this Line for Recorder's Use

**The undersigned hereby affirms that there is no Social Security number contained in this document.**

## NOTICE OF TRUSTEE'S SALE

Loan No. ******6675

### IMPORTANT NOTICE TO PROPERTY OWNER:

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 8/17/2007. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

**On 8/6/2015 at 2:00 PM AT THE FRONT ENTRANCE OF THE CARSON CITY COURTHOUSE, 885 EAST MUSSER, CARSON CITY, NV 89701, CLEAR RECON CORP.** as duly appointed trustee under and pursuant to Deed of Trust Recorded  8/21/2007, as Instrument No. 371195, of Official Records in the office of the Recorder of Carson City County, Nevada executed by:  **MATT P JACOBSEN, AN UNMARRIED MAN**

WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK DRAWN ON A STATE OR NATIONAL BANK, A CHECK DRAWN BY A STATE OR FEDERAL CREDIT UNION, OR A CHECK DRAWN BY A STATE OR FEDERAL SAVINGS AND LOAN ASSOCIATION, SAVINGS ASSOCIATION, OR SAVINGS BANK

All right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in said County and State described as

LOT 152, AS SHOWN ON THE MAP OF PARK TERRACE SUBDIVISION, UNIT NO 1, FILED IN THE OFFICE OF THE RECORDER OF CARSON CITY, NEVADA ON MAY 6, 1965, IN BOOK 1 OF MAPS, PAGE 257, AS DOCUMENT NO 90219

PUB-H                                                      CRC NOS 04173914

003906-NV

The street address and other common designation, if any, of the real property described above is purported to be
1311 LA LOMA DRIVE
CARSON CITY, NEVADA 89701

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein.

Said sale will be held, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, including fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust. The real property described above is sold as-is, the beneficiary and the undersigned Trustee are unable to validate the condition, defects or disclosure issues of said property, and the purchaser of said property at said sale waives the disclosure requirements under NRS 113.130 by purchasing at said sale and signing a receipt in connection therewith. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale are: **$355,014.99**

The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell. The undersigned caused said Notice of Default and Election to Sell to be recorded in the county where the real property is located.

FOR SALE INFORMATION: (844) 477-7869   Mon – Fri 9:00 am to 4:00 pm

Date.        JUL 0 1 2015          CLEAR RECON CORP.
                                   4375 Jutland Drive Suite 200
                                   San Diego, California 92117

                                   TAMMY LAIRD
                                   FORECLOSURE MANAGER   Authorized Signor

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document

State of California )ss
County of San Diego)

On JUL 0 1 2015 before me, _____ ASHLEY JOHNSON _____ Notary Public, personally appeared _____ Tammy Laird _____ who proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____   (Seal)

ASHLEY JOHNSON
Commission # 2011895
Notary Public - California
San Diego County
My Comm. Expires Mar 14, 2017

PHH-B                    Page 2 of 2           CRC NOS 04172014

# EXHIBIT   B

Case 3:15-cv-00504-MMD   Document 2   Filed 10/05/15   Page 21 of 32

Nevada- STOX Posting and Publishing, LLC

My Apps

Home

Orders     Or...                                                    More

                                                                    Return

| | |
|---|---|
| STOX File# | 235894 |
| Clients File# | 003906-NV |
| Trustee | Clear Recon Corp |
| Executed By | Matt P Jacobsen |
| Property Address, City and Zip | 1311 LA LOMA DRIVE CARSON CITY, NEVADA 89701 |
| Parcel# | 008-342-19 |
| State | Nevada              County   Carson City |

## NOD Posting

## NOS Posting

## Publishing

## Sale

| | |
|---|---|
| Location of Sale | AT THE FRONT ENTRANCE OF THE CARSON CITY COURTHOUSE, 885 EAST MUSSER, CARSON CITY, NV 89701 |
| Date of Sale | 10-08-2015 |
| Current Scheduled Sale Date | Time of Sale   2:00 pm |

The "Current Scheduled Sale Date" is only used if the actual sale date is after the next postponement appearance
When a date is disclosed in the "Current Scheduled Sale Date" field this will be the next auction date  Sale times or locations do not change unless noted

**Opening Bid**

**Trustee Sale
Notes**

## File Info

Created on March  2 at 10:23 AM (MST). Last updated by Posting, STOX on Sept. 14  2 26 PM at  2:26 PM (MDT)  Owned by Acosta, Miriam.

# EXHIBIT   C

Assessor's/Tax ID No. 008-342-19

Recording Requested By:
HSBC BANK USA NA

When Recorded Return To:
DISCHARGE DEPT 1-800-338-4626
HSBC BANK USA NA
2929 WALDEN AVENUE
DEPEW, NY 14043

RECORDED AT THE REQUEST OF
LSI TITLE AGENCY INC.
08/13/2012 01:35PM
FILE  NO.425085
ALAN GLOVER
CARSON CITY RECORDER
FEE $15.00 DEP RMH

---

## CORPORATE ASSIGNMENT OF DEED OF TRUST

Carson City, Nevada
SELLER'S SERVICING #:4456921 "JACOBSEN"

THE UNDERSIGNED DOES HEREBY AFFIRM THAT THIS DOCUMENT SUBMITTED
FOR RECORDING DOES NOT CONTAIN PERSONAL INFORMATION ABOUT ANY
PERSON.

Date of Assignment: August 2nd, 2012
Assignor: HSBC MORTGAGE CORPORATION (USA) at 2929 WALDEN AVENUE, DEPEW,
NY 14043
Assignee: HSBC BANK USA, N.A. at 2929 WALDEN AVENUE, DEPEW, NY 14043

Executed By: MATT P JACOBSEN, AN UNMARRIED MAN To: MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR HSBC MORTGAGE
CORPORATION (USA), ITS SUCCESSORS AND ASSIGNS
Date of Deed of Trust: 08/17/2007 Recorded: 08/21/2007 in Book: N/A Page: N/A as
Instrument No.: 371195 In the County of Carson City, State of Nevada.

Assessor's/Tax ID No. 008-342-19

Property Address: 1311 LA LOMA DRIVE, CARSON CITY, NV 89701

   KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the
receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto
the above-named Assignee, the said Deed of Trust having an original principal sum of
$246,000.00 with interest, secured thereby, with all moneys now owing or that may hereafter
become due or owing in respect thereof, and the full benefit of all the powers and of all the
covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto
the said Assignee, the Assignor's beneficial interest under the Deed of Trust.

   TO HAVE AND TO HOLD the said Deed of Trust, and the said property unto the said
Assignee forever, subject to the terms contained in said Deed of Trust.  IN WITNESS
WHEREOF, the assignor has executed these presents the day and year first above written:
*JM1*JM4HSBC*08/02/2012 09:25:12 AM* HSBC01HSBCA00000000000000895579*
NVCARSO* NVSTATE_TRUST_ASSIGN_ASSN * *JM4HSBC*

425085

CORPORATE ASSIGNMENT OF DEED OF TRUST Page 2 of 2

HSBC MORTGAGE CORPORATION (USA)
On August 2nd, 2012



By:
MICHAEL PETER, Assistant
Secretary #19138

STATE OF New York
COUNTY OF Erie

On August 2nd, 2012, before me, PATRICIA M. MURAWSKI, a Notary Public in and for Erie in
the State of New York, personally appeared MICHAEL PETER, Assistant Secretary #19138,
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s)
whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity, and that by his/her/their signature on the
instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the
instrument.

WITNESS my hand and official seal,

PATRICIA M. MURAWSKI
Notary Expires: 09/22/2012  #01MU6193733
Qualified in Erie County

(This area for notarial seal)

*JM1*JM4HSBC*06/02/2012 09:25:12 AM* HSBC01HSBCA00000000000000000895579*
NVCARSO* NVSTATE_TRUST_ASSIGN_ASSN * *JM4HSBC*

425085

# EXHIBIT   D



Fannie Mae

About Us | Fannie Mae Help | Loan Lookup | Questions | En Español

Rent      Buy      Refinance      Modify      Avoid Foreclosure      Find Resources



Home

## Fannie Mae Loan Lookup Results  Match Found

It appears that Fannie Mae owns your loan, based on the information you entered

**MATT JACOBSEN**
**1311 LA LOMA DR**
**CARSON CITY, NV 89701**
Last 4 Digits of Social Security Number *****
Fannie Mae Loan Acquisition Date  10-01-2007
Mortgage Company  HSBC BANK USA,
**NATIONAL ASSOCIATION**

### FORECLOSURE CONSEQUENCES

There are many ways you can avoid foreclosure. The sooner you can be prepared.

GO TO OUR FORECLOSURE PAGE

### Results—Our Records Indicate

- Your loan was acquired by Fannie Mae on or before May 31, 2009  Knowing the Fannie Mae Loan Acquisition Date is important because some programs, such as HARP, are available only on loans acquired by Fannie Mae on or before May 31, 2009
- Your mortgage company is HSBC BANK USA, NATIONAL ASSOCIATION
- You may be eligible for the Home Affordable Refinance Program (HARP) or for the Home Affordable Modification Program (HAMP)—or other programs available exclusively for Fannie Mae borrowers

### Next Steps:

To help you find the option(s) that might be best for your situation  please answer the questions below

*Have you been delinquent on your mortgage in the past 12 months?*      Yes    No

*Note:  In this case  "delinquent" means you have paid your mortgage payment late by 30 days or more at any time in the last 6 months  Or, that you had more than one late payment or made a payment more than 30 days late in the 6-month period prior to the last 6 months*

*Do you anticipate having difficulty paying your mortgage in the near future (next 2-3 months)?*      Yes    No

**Get Options**

**Other Steps You Can Take:**

**Get Help Now**
Contact a Fannie Mae Mortgage Help Center for free housing counseling and assistance with your mortgage

**Explore KnowYourOptions.com**
Review the useful information and tools on this site to learn more about your options

**Contact Your Mortgage Company**
Confirm these results and obtain additional information regarding your mortgage by contacting your mortgage company



© 2012 Fannie Mae

Privacy | Legal | FAQ - Site Map

# EXHIBIT   E

**PHH Mortgage**

**PHH**

PO Box 5452
Mt. Laurel, NJ 08054

April 19, 2013

MATT JACOBSEN
1311 LA LOMA DRIVE
CARSON CITY, NV 897010000

Re:   Current Account # 4456921
      New Account # 2019636675

### Debt Validation Notice – Important Notice

Dear MATT JACOBSEN,

As you may recall, you were sent a letter dated April 15, 2013 advising you that PHH Mortgage Corporation ("PHHMC") will be servicing your mortgage loan referenced above effective May 1, 2013.

As of today, the amount you owe is $ 312,418.05. After this date, this balance will continue to accrue interest, late charges and other fees according to the terms of the mortgage loan. FANNIE MAE is the owner of the mortgage loan.

**This is an attempt to collect a debt, and any information obtained may be used for that purpose.** Unless you dispute the validity of the above referenced debt, or any portion thereof, within thirty (30) days after receipt of this notice, the debt will be assumed to be valid. If you notify PHHMC in writing at the address noted below within thirty (30) days after receipt of this notice that the debt, or any portion thereof, is disputed, PHHMC will obtain verification of the debt or a copy of a judgment against you, and a copy of such verification or judgment will be mailed to you by PHHMC. If you make a request in writing for the name of the original creditor within thirty (30) days after receipt of this notice, PHHMC will provide you with the name and address of the original creditor, if different from the current creditor referenced above.

If you would like to contact us by telephone, please contact 1-800-936-2198.

Sincerely,

Collections Department
PHH Mortgage Corporation

**PHH Mortgage**

**PHH**

PO Box 5452
Mt. Laurel, NJ 08054

April 19, 2013

**This is an attempt to collect a debt, and any information obtained may be used for that purpose.**

**IF YOU ARE A DEBTOR IN BANKRUPTCY OR HAVE BEEN DISCHARGED IN BANKRUPTCY:**

**To the extent you are a debtor in bankruptcy or your debt obligation is subject to the automatic stay in a bankruptcy proceeding, or if you previously received a discharge in a bankruptcy case involving this loan, this notice is for informational purposes only and does not constitute a demand for payment or an attempt to collect an indebtedness as your personal obligation. You should consult legal counsel regarding your obligations, if any, to pay the mortgage loan.**

**IF YOU ARE REPRESENTED BY AN ATTORNEY, PLEASE PROVIDE US WITH THE ATTORNEY'S NAME, ADDRESS AND TELEPHONE NUMBER.**

**Servicemembers on "active duty" or "active service," or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC App. §§ 501-597b) (SCRA). If you are entitled to or have questions as to whether you are entitled to legal protections under the SCRA, please go to www.militaryonesource.com/scra or call 1-800-342-9647 to find out more information.**



US 45 MAILED AT 090 4-20-2013

$ 00.40⁶

PRESORTED
FIRST CLASS





FORWARDING SERVICE REQUESTED



C9T9RMB 89701