UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MATT P. JACOBSEN,<br><br>                               Plaintiff,<br>     v.<br>CLEAR RECON CORP, HSBC BANK USA N.A., PNH MORTGAGE CORPORATION,<br><br>                              Defendants. | Case No. 3:15-cv-00504-MMD-VPC<br><br>ORDER |

Plaintiff initiated this second mortgage action to challenge a foreclosure sale after the Court dismissed a similar action. Plaintiff filed a motion for temporary restraining order upon the filing of the Complaint on October 5, 2105 ("Motion"). (Dkt. no. 4.) Before the response deadline, which the Court extended pursuant to the parties' stipulation, Plaintiff filed a second motion for temporary restraining order. (Dkt. no. 27.) The second motion appears to be submitted solely based on the change in the scheduled foreclosure sale date. (Dkt. no. 27.)

The relevant background facts are taken primarily from Plaintiff's Complaint and motion for temporary restraining order ("Motion"). On June 23 2005, Plaintiff acquired property located at 1311 La Loma Drive in Carson City, Nevada ("the Property"). (Dkt. no. 2 at 4.) Plaintiff obtained a loan ("Loan"), which was secured by Deed of Trust ("DOT") on the Property in favor of HSBC Mortgage Corporation ("HSBC Mortgage"). (*Id.*) On August 13, 2012, HSBC Bank USA, N.A. ("HSBC") requested the recording of an assignment purporting to assign the DOT from HSBC Mortgage to HSBC. (*Id.* at 6, 24-25.) However, this assignment was invalid because Fannie Mae owned the Loan. (*Id.* at 1, 6.) HSBC improperly initiated foreclosure proceedings. (*Id.*) Plaintiff was

erroneously informed that the foreclosure sale would be cancelled if he completed a loan modification package, which he did with PHH Mortgage Corporation ("PHH") and HSBC. (*Id.* at 1, 8; dkt. no. 4-2 at 2-3.) HSBC substituted Clear Recon Corp. ("CRC") as a trustee under the DOT but CRC is not the proper trustee. (Dkt. no. 1 at 1, 9.) On June 1, 2015, CRC recorded a Notice of Trustee's Sale. (Dkt. no. 2 at 18.)

Plaintiff asserts six claims based upon Defendants' handling of the Loan and the foreclosure proceedings, including claims for quiet title and for violations of the Real Estate Settlement Procedures Act ("RESPA") and Fair Debt Collection Practices Act ("FDCPA"). (*Id.* at 9-14.) Plaintiff moved to enjoin the foreclosure sale, which has been continued from October 8, 2015 to January 7, 2016. (Dkt. nos. 4, 27.)

Federal Rule of Civil Procedure 65 allows a court to issue a temporary restraining order and preliminary injunction. "An injunction is a matter of equitable discretion" and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22, 32 (2008). To obtain injunctive relief, such as a preliminary injunction or a temporary restraining order, a plaintiff must demonstrate (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. Id. at 20; *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010). The Court finds that Plaintiff cannot establish that he is likely to success on the merits of his claims and denies Plaintiff's Motion.

Plaintiff alleges that this action is not the same as his previous action, case no. 3:12-cv-00486-MMD-WGC ("First Case"). (Dkt. no. 1 at 10.) However, the allegations in the current Complaint appear similar to the complaint filed in the First Case. In the First Case, Plaintiff alleged that HSBC and Quality Loan Service Corporation, as the lender and purported trustee, improperly initiated foreclosure proceedings on his property, which is the same property identified in this case. (First Case, dkt. no. 1-1.) He alleged similar claims for quiet title and for violations of RESPA and FDCPA, among other

claims.[1] (*Id.*) Plaintiff similarly moved to enjoin a scheduled foreclosure sale. (First Case, dkt. no. 24.) The Court denied his motion and dismissed all but his RESPA claim with prejudice. (First Case, dkt. no. 27.) Plaintiff then filed an emergency motion for temporary restraining order, which the Court denied. (First Case, dkt. nos. 28, 30.) Not satisfied, Plaintiff then moved for reconsideration of the Court's dismissal order, which the Court denied. (First Case, dkt. no. 33, 36.) In doing so, the Court further directed that no filings would be accepted without leave of Court. (First Case, dkt. no. 36.)

Plaintiff cannot demonstrate that he will likely succeed on the merits because his claims are barred by claim preclusion. Claim preclusion bars "the parties or their privies from "relitigating issues that were or could have been raised in an action resulting in a final judgment on the merits." *Herb Reed Enter., LLC v Florida Entm't Mgmt, Inc.*, 736 F.3d 1239, 1244 (9th Cir. 2013) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (2001)). Because the Court dismissed with prejudice all but the RESPA claims on the merits in the First Case, Plaintiff cannot relitigate these claims in this case. Moreover, because of the similarity between the allegations and claims in the First Case and this case, the Court finds that Plaintiff cannot satisfy the likelihood of success on the merits factor under *Winter* for the same reasons that led to dismissal of the First Case and the Court's denial of Plaintiff's motion for reconsideration. (First Case, dkt. nos. 27, 36.)

It is therefore ordered that Plaintiff's motions for temporary restraining order (dkt. nos. 4, 27) are denied.

DATED THIS 6th day of January 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] The RESPA claim appears to be similar to the RESPA claim in the First Case. Here, Plaintiff alleges that HSBC failed to respond to a "Qualified Written Request" and PHH similarly failed to respond to a subsequent request after it became the "sub-servicer on May 1, 2013." (Dkt. no. 2 at 11-12.) In the First Case, he alleges that HSBC failed to respond to a written request he sent to HSBC Mortgage Corporation on January 15, 2011. (First Case, dkt. no. 1-1.)

3