UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MATT P. JACOBSEN,

               Plaintiff,

   v.

CLEAR RECON CORP, HSBC BANK
USA N.A., PHH MORTGAGE
CORPORATION,

               Defendants.

Case No. 3:15-cv-00504-MMD-VPC

ORDER

## I.   SUMMARY

Plaintiff initiated this second mortgage foreclosure action to challenge a foreclosure sale after the Court dismissed a similar action. Before the Court are the following motions: (1) Defendant HSBC Bank USA, N.A.'s ("HSBC") motion to dismiss (ECF No. 15) ("HSBC's Motion"); (2) HSBC's request for judicial notice (ECF No. 16); (3) Defendant PHH Mortgage Corporation's ("PHH") motion to dismiss (ECF No. 18) ("PHH's Motion"); (4) Plaintiff's request for clerk's entry of default against Defendant Clear Recon Corp. ("CRC") (ECF No. 31); and (5) Plaintiff's motion for leave to file sur-reply (ECF No. 68). CRC filed a joinder to HSBC's Motion. (ECF No. 39.) The Court has reviewed the briefs relating to these motions. For the reasons discussed below, HSBC's Motion and PHH's Motion are granted, Plaintiff's motions are denied.

## II.   BACKGROUND

### A.  Current Case

The relevant background facts are taken primarily from Plaintiff's Complaint and initial motion for temporary restraining order. (ECF Nos. 2, 4.) On June 23, 2005,

Plaintiff acquired property located at 1311 La Loma Drive in Carson City, Nevada ("the Property"). (ECF No. 2 at 4.) Plaintiff obtained a loan ("Loan"), which was secured by Deed of Trust ("DOT") on the Property in favor of HSBC Mortgage Corporation ("HSBC Mortgage"). (*Id.*) On August 13, 2012, HSBC requested the recording of an assignment purporting to assign the DOT from HSBC Mortgage to HSBC. (*Id.* at 6, 24-25.) However, this assignment was invalid because Fannie Mae acquired the Loan in October 2007. (*Id.* at 1, 6.) On April 15, 2013, Plaintiff was informed that PHH would serve as the sub-servicer of the Loan beginning on May 1, 2013. (*Id.* at 2.) HSBC improperly initiated foreclosure proceedings.[1] (*Id.* at 6.) Plaintiff was erroneously informed that the foreclosure sale would be cancelled if he completed a loan modification package, which he did with PHH and HSBC. (*Id.* at 1, 8; ECF No. 4-2 at 2-3.) On January 21, 2014, HSBC substituted CRC as a trustee under the DOT but CRC is not the proper trustee. (ECF No. 2 at 1, 9.) On June 1, 2015, CRC recorded a Notice of Trustee's Sale. (*Id.* at 18; ECF No. 16-1 at 26-27.)

Plaintiff asserts six claims based upon Defendants' handling of the Loan and the foreclosure proceedings: (1) quiet title against all Defendants; (2) violations of the Real Estate Settlement Procedures Act ("RESPA") against HSBC and PHH; (3) dual tracking and other violations of S.B. 321 against HSBC and PHH; (4) violations of NRS § 107.080 against HSBC and CRC; (5) cancellation of instrument against CRC and HSBC; and (6) violations of the Fair Debt Collection Practices Act ("FDCPA") against all Defendants. (*Id.* at 9-14.)

**B.  Prior Case**

Plaintiff alleges that this action is not the same as his previous action, case no. 3:12-cv-00486-MMD-WGC ("First Case"), which was a removed action first initiated on August 20, 2012 in state court (First Case, ECF No. 1-1 at 3). (ECF No. 2 at 10.) In the

---

[1] The initial Notice of Default was recorded on July 27, 2010. (*See* case no. 3:12-cv-00486-MMD-WGC, ECF No. 27 at 2.) Another Notice of Default was recorded on February 27, 2015. (ECF No. 16-1 at 16.)

First Case, Plaintiff alleged that HSBC and Quality Loan Service Corporation ("Quality Loan"), as the lender and purported trustee, improperly initiated foreclosure proceedings on his property, which is the same property identified in this case. (First Case, ECF No. 1-1.) He alleged similar claims for quiet title, and violations of RESPA, FDCPA and civil RICO statutes. (*Id.*) The Court denied his motion and dismissed all but his RESPA claim with prejudice, and denied his motion for reconsideration on February 22, 2013. (First Case, ECF Nos. 27, 36.) Plaintiff appealed the dismissal order; his appeal is not yet fully adjudicated. (First Case, ECF No. 37.)

## III.    HSBC'S REQUEST FOR JUDICIAL NOTICE

HSBC asks the Court to take judicial notice of the Court's Order filed on November 30, 2012 in the First Case and certain publicly recorded documents. (ECF No. 16.) Plaintiff opposes and seeks to file a sur-reply to HSBC's reply. (ECF Nos. 58, 68.) However, Plaintiff's opposition is without merits. The Court may take judicial notice of relevant publicly recorded documents. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201). The Court may also take judicial notice of its prior orders, which are matters of public records. *See United States v. 14.02 Acres of Land*, 547 F.3d 943, 955 (9th Cir. 2008) (the court "may take judicial notice of matters of public record").

HSBC's request to take judicial notice (ECF No. 16) is granted. Plaintiff's motion for leave to file sur-reply (ECF No. 68) is denied.

## IV.    LEGAL STANDARDS

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."

3

*Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint fails to "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

Generally, a court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *U.S. v. Ritchie*, 342 F.3d 903, 907 (9th Cir.2003). One exception to this rule is where, as here, a court take judicial notice of "matters of public record." *See Lee v. Los Angeles*, 250 F.3d 668, 688–89 (9th Cir.2001) (internal citations omitted). Where a court considers matters outside the pleading, the motion to dismiss must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d).

/ / /

4

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (citation and internal quotation marks omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

Mindful of the fact that "[t]he Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of *pro se* litigants," the Court will view Plaintiff's pleadings with the appropriate degree of leniency. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)).

## V.   HSBC'S MOTION

HSBC seeks dismissal of Plaintiff's claims, or in the alternative for summary judgment. The Court will address each of the six claims in turn.

### A.   Quiet Title

In support of his quiet title claim, Plaintiff asserts that his claim is "not the same as [in the First Case] because the parties are different and the facts are different." (ECF No. 2 at 10.) In the First Case, the Court dismissed Plaintiff's quiet title claim to the same Property against HSBC and Quality Loan with prejudice. (First Case, ECF No. 27 at 4-5.) Plaintiff argues that his current quiet title claim is different because of the

1  additional allegations about the Corporate Assignment being recorded on August 13,
2  2012 and because of the addition of two new parties. (ECF No. 57 at 2.)

3       Claim preclusion bars "the parties or their privies from "relitigating issues that
4  were or could have been raised in an action resulting in a final judgment on the merits."
5  *Herb Reed Enter., LLC v Florida Entm't Mgmt, Inc.*, 736 F.3d 1239, 1244 (9th Cir. 2013)
6  (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (2001)). Here,
7  Plaintiff seeks to quiet title to the same property against the same party, HSBC, and its
8  privies, PHH and CRC. The Court agrees with HSBC that because the Court dismissed
9  with prejudice all but the RESPA claims on the merits in the First Case, Plaintiff cannot
10  relitigate his quiet title claim.

11      **B.   RESPA Violations**

12       HSBC argues that the RESPA claim, to the extent it is based on the same letters
13  that were offered in support of Plaintiff's RESPA claim in the First Case, is also barred
14  by *res judicata*. (ECF No. 15 at 6.) It further argues that the Complaint's conclusory
15  allegations that Plaintiff sent a "Qualified Written Request" to HSBC lack specificity and
16  fails to state a claim under RESPA. (*Id.* at 6-7.) Plaintiff repeats HSBC's arguments, but
17  fails to respond, including even making any allegations that he sent any qualified written
18  requests to HSBC that was not the subject of the First Case. (ECF No. 57 at 3.) In fact,
19  the Complaint asserts conclusory allegations that Plaintiff twice "mailed a Qualified
20  Written Request, with his name and account number" to HSBC without identifying when
21  these requests were sent or provide details as to their content. (ECF No. 2 at 11.) The
22  Court agrees with HSBC that Plaintiff fails to state a claim.

23      **C.   Violations of NRS § 107.530**

24       HSBC relies on the Declaration of Denise Dickman ("Dickman Dec."), HSBC's
25  assistant Vice President, to show it is exempt from complying with Nevada's anti-dual
26  tracking statute found at NRS § 107.530. (ECF No. 15.) Plaintiff argues that the Court
27  cannot consider the declaration without converting HSBC's motion into a motion for
28  / / /

6

summary judgment.[2] (ECF No. 57 at 4.) The Court agrees and finds it is proper to consider the undisputed evidence offered through the Dickman Dec. to support HSBC's argument that it has not foreclosed on the requisite number of owner-occupied properties to be covered under NRS § 107.530.

NRS § 107.460 provides, in pertinent part, that the provisions of NRS § 107.400 through NRS § 107.530 do not apply to a financial institution that has not foreclosed on 100 or less owner-occupied real properties located in Nevada during the immediately preceding annual reporting period. HSBC offers undisputed evidence that it has not foreclosed on any owner-occupied property since calendar year 2013. (ECF No. 15-1 at 3.) Accordingly, Plaintiff cannot assert a claim for violations of NRS § 107.530 against HSBC as a matter of law.

**D.    Violations of NRS § 107.080**

HSBC argues that the conduct that Plaintiff alleges violated NRS § 107.080 are not supported by the recorded documents and do not amount to a violation. (ECF No. 15 at 9.) The Court agrees with HSBC that the Notice of Default identifies the deficiency—Plaintiff has failed to make payments since February 2010—and HSBC properly substituted CRC as the trustee. (ECF No. 16-1 at 14, 16-17.) Plaintiff's allegation that HSBC does not possess the note does not support a claim for violation of NRS § 107.80. HSBC not need to produce the note to the Property in order to proceed with a non-judicial foreclosure. *See* NRS § 107.080. As long as the note is in default and the foreclosing trustee is either the original trustee or has been substituted by the holder of the note or the holder's nominee, there is no defect in the Nevada foreclosure. *Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650, at *2 (D. Nev., Oct. 26, 2009). The recorded documents show these requirements were satisfied here. (ECF Nos. 16-1 at 14-18.)

---

[2] Plaintiff contends the Dickman Dec. is not attached to HSBC's Motion. (ECF No. 57 at 4.) The records before the Court show the Dickman Dec. is filed as ECF No. 15-1.

### E.    Cancellation of Assignment

HSBC argues that this claim is barred because Plaintiff could have raised the claim in the First Case and Plaintiff lacks standing to challenge the validity of the assignment of the note and DOT. (ECF No. 15 at 10.) Plaintiff counters that while the assignment was recorded on August 13, 2012, he was not aware of the assignment until after the filed the First Case. (ECF No. 57 at 2.)  He insists he has standing to seek cancellation. (*Id.* at 5.) The Court agrees with HSBC that Plaintiff lacks standing to challenge the validity of the assignment. *See Villagrana v. Recontrust Co., N.A.,* 3:11-cv-00652, 2012 WL 1890236 *6 (D. Nev. May 22, 2012).

### F.    Violations of FDCPA

In the First Case, the Court dismissed the FDCPA claim because the defendants in that case, including HSBC and the trustee (Quality Loan), do not qualify as a "debt collector." (First Case, ECF No. 27 at 6-7.) Plaintiff is precluded from asserting the same claim here.

In sum, the claims against HSBC are dismissed. CRC's joinder seeks dismissal of the claims against it based on HSBC's arguments. (ECF No. 39.) The Court agrees with CRC that claims against it should be similarly be dismissed. Plaintiff's motion for entry of clerk's default (ECF No. 31) is denied.

## VI.    PHH'S MOTION

Plaintiff asserts four claims against PHH for quiet title and violations of RESPA, NRS § 107.530 and FDCPA. PHH seeks dismissal of all four claims. The Court will address each claim in turn below.

### A.    Quiet Title

PHH argues that Plaintiff fails to state a quiet title claim against it because Plaintiff does not allege that PHH has asserted any claim of interest in the Property. (ECF No. 18 at 6.) Plaintiff responds that his allegation is "PHH has asserted that HSBC has a claim of ownership or lien interest in the Property." (ECF No. 59 at 2.)

In Nevada, a quiet title action may be brought "by any person against another

who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." NRS § 40.010. The Complaint does not allege that PHH asserts an interest in the Property. Plaintiff cannot assert a quiet title claim based on what PHH alleges as to HSBC's claimed interest in the Property. Moreover, to the extent Plaintiff's claim relates to HSBC's asserted interest in the Property, Plaintiff is barred from asserting such a claim in this action. *See* discussion *infra* Sect. V(A).

## B. RESPA Violations

RESPA requires the servicer of a federally related mortgage loan to provide a timely written response to inquiries from borrowers regarding the servicing of their loans. 12 U.S.C. § 2605(e)(1)(A), (e)(2). A "qualified written request" is:

> a written correspondence . . . that . . . includes, or otherwise enables the servicer to identify, the name and account of the borrower; and . . . includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

*Id.* § 2605(e)(1)(B), (B)(i)-(ii).

PHH argues that the Complaint fails to allege facts to assert that any letters Plaintiff may have sent to PHH qualifies as a "qualified written request" within the meaning of the statute. (ECF No. 18.) The Complaint alleges that Plaintiff separately mailed a "Qualified Written Request" to PHH, including a "Qualified Written Request" that he sent to PHH after PHH became the sub-servicer on May 1, 2013 in place of HSBC. (ECF No. 2 at 10-11.) In his response brief, Plaintiff does not dispute PHH's argument. Plaintiff's conclusory allegations fail to allege a plausible claim for relief. *See* discussion *supra* at Sect. IV(C); see also *Coleman v. Am. Home Mortg. Servicing, Inc.*, No. 2-11-cv-178, 2011 WL 6131309, at *4 (D. Nev. Dec. 8, 2011) (dismissing RESPA for failure to state a claim).

## C. Violations of Nevada's Anti-Dual Tracking Statute

The Complaint alleges that PHH violated NRS §§ 107.530 and 107.540 (S.B. 21,

9

§§ 13, 14) by postponing instead of cancelling the foreclosure sale even though Plaintiff submitted and re-sent loan modification documents and by failing to provide a single point of contact. (ECF No. 2 at 8-9.) PHH asserts several arguments in seeking dismissal, including that these statutory provisions do not apply because the initial notice of default was recorded in July 2010 as the Court found in the First Case and Plaintiff fails to allege that he was not previously evaluated for loss mitigation between the 2010 default and the claimed May 2015 loan modification. (ECF No. 9-10.) Plaintiff fails to respond to these arguments in his opposition brief. (ECF No. 59.) Even assuming that NRS §§ 107.530 and 107.540 apply, Plaintiff concedes that he has not allege facts sufficient to support his claim. The Court will therefore dismiss Plaintiff's claim.

### D.    FDCPA Violations

The Court agrees with PHH that as the sub-servicer of the Loan, PHH is not a "debt collector" under the FDCPA. (*See* First Case, ECF No. 27 at 6-7.) Plaintiff's FDCPA will be dismissed.

### VII.    LEAVE TO AMEND

The court has discretion to grant leave and should freely do so "when justice so requires." *Id.*; *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Nonetheless, courts may deny leave to amend if it will cause: (1) undue delay; (2) undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Facts raised for the first time in plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137-38 (9th Cir. 2001).

Plaintiff suggests that amendment would not be futile but the Court assumes that any amendment would be consistent with arguments made in Plaintiff's opposition

briefs, which do not raise any facts for the Court to find that amendment would not be futile. Moreover, in light of the fact that this is Plaintiff's second lawsuit challenging foreclosure on the same property against some of the same parties, granting leave to amend would be unfair to Defendants.

**VII.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the parties' motions.

It is therefore ordered that Defendant HSBC Bank USA, N.A.'s motion to dismiss (ECF No. 15) and Clear Recon Corp.'s joinder (ECF No. 39) are granted.

It is further ordered that Defendant PHH Mortgage Corporation's motion to dismiss (ECF No. 18) is granted.

It is further ordered that Plaintiff's request for clerk's entry of default against Defendant Clear Recon Corp. (ECF No. 31) and motion for leave to file sur-reply (ECF No. 68) are denied.

The Clerk is directed to enter judgment in favor of Defendants and close this case.

DATED THIS 31st day of August 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE